NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | **Criminal No. 14-00672 (SRC)** |
| v. | : | |
| | : | |
| LUIS FIGUEROA | : | **OPINION & ORDER** |
| | : | |
| | : | |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion by Defendant Luis Figueroa ("Defendant" or "Figueroa") for reconsideration of the Court's April 28, 2021 Order denying his motion to dismiss the Superseding Indictment, which was part of his omnibus pretrial motion (hereinafter the "Dismissal Order"). The United States of America (the "Government") has opposed the motion. The Court has considered the written submissions and concludes that oral argument is not necessary. It proceeds to decide the motion based on the papers submitted, and for the reasons that follow, the motion will be denied.

## I.   BACKGROUND

      On January 15, 2021, Defendant filed an omnibus pretrial motion, which primarily requested that the Court dismiss the Superseding Indictment pending against him. This motion to dismiss was based on three distinct arguments: (1) that Counts Three through Six were time-barred under the statute of limitations period; (2) that Counts Two, Three, and Seven were insufficiently pled; and (3) that the entire Superseding Indictment resulted from prosecutorial misconduct. The Court considered all of the papers presented by the parties and, on April 28,

1

2021, issued an Opinion detailing its reasons for denying the motion to dismiss the Superseding Indictment.[1]

Subsequently, on May 11, 2021, Defendant's counsel filed the instant motion for reconsideration on his behalf.[2] This motion for reconsideration makes three assertions: (1) that the Court erred in concluding that Defendant entered into his prior plea agreement voluntarily; (2) that the Court erred in holding that Defendant is bound by the waiver of the statute of limitations in his plea agreement, as the original charge for kidnapping was insufficient and it cannot be said that the Court accepted a plea that lacks a proper factual basis; and (3) that the Court erred in ruling that Defendant waived his right to assert certain jurisdictional issues by failing to raise them in his opening brief. Based on the first and second points, Defendant asserts that he therefore cannot be bound by the statute of limitations waiver in the plea agreement, and thus that the Court should have concluded that Counts Three through Six of the Superseding Indictment are time-barred. As for the third point, Defendant alleges that, because these jurisdictional issues were not waived, the Court must dismiss any counts that it claims fail to meet the jurisdictional requirement – more specifically, Counts Three and Five. The Court will address each of these points in turn.

---

[1] The April 28, 2021 Opinion sets forth a more detailed factual synopsis concerning this action. The Court will therefore not repeat that information here.

[2] The Court notes that Defendant has also filed his own pro se submission in support of this motion for reconsideration [ECF 199]. However, as the Court ordered in its June 2, 2021 status conference [ECF 207], as long as Defendant is represented by counsel, any pro se submissions by Defendant, whether they address procedural or substantive issues, will not be considered by the Court – neither for this motion, nor for any other future issues regarding this case. Further, the Government also need not respond to any such pro se submissions by Defendant.

## II.    DISCUSSION

Motions for reconsideration may be filed in criminal cases. United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003). In the District of New Jersey, a party may move for reconsideration "within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i); see also L. Crim. R. 1.1 (adopting the local civil rule on reconsideration to apply in criminal actions). Under the rule, a party seeking reconsideration must identify factual matters or controlling decisions of law that were overlooked by the court in reaching its prior decision. Bryan v. Shah, 351 F. Supp. 2d 295, 297 n.2 (D.N.J. 2005); Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002). More specifically, the Court of Appeals for the Third Circuit has held that a motion for reconsideration may granted if the moving party can demonstrate one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). In the District of New Jersey, reconsideration has consistently been viewed as "an extraordinary remedy" to be granted "very sparingly." White v. City of Trenton, 848 F. Supp. 2d 497, 500 (D.N.J. 2012) (quoting Interfaith Cmty. Org., 215 F. Supp. 2d at 507).

Here, Defendant has not claimed that the law has changed since the Court issued its Dismissal Order, nor that new evidence has become available. Rather, Defendant has argued that the Court erred and in doing so, unjustly denied Defendant's motion to dismiss the Superseding Indictment. Beginning with Defendant's first argument, Defendant asserts that the Court failed to properly consider whether his original guilty plea was entered into voluntarily. More specifically,

Defendant contends that he was coerced by prior counsel to enter his guilty plea, and thus that he cannot be bound by the prior plea agreement that he signed, which included a waiver of the statute of limitations period. As explained in further detail in the Court's April 28, 2021 Opinion on this matter, Figueroa initially pled guilty to the following counts in the original indictment: (1) kidnapping, (2) illegal possession of a firearm, (3) assaulting a United States employee, and (4) malicious damage and destruction of property by fire. However, under his plea agreement with the Government, the Government agreed that Defendant would then not be charged with the other two counts in the original indictment for aggravated vaginal rape and use of a firearm during and in relation to a crime of violence. Furthermore, the plea agreement also stated that "in the event that a guilty plea in this matter [was] not entered for any reason or the judgment of conviction entered as a result of this guilty plea [did] not remain in full force and effect," that the statute of limitations for "any dismissed charges and any other charges" that were not time-barred by the applicable statute of limitations on the date the agreement was signed (April 18, 2018) would be waived, allowing such charges to be "commenced against him, notwithstanding the expiration of the limitations period after [Defendant] sign[ed] the agreement." Luis Figueroa Plea Agreement (April 18, 2018) (Ex. 1 to Govt.'s Opp'n Br. to Def.'s Omnibus Motion), at 2. While Defendant later withdrew his guilty plea, in its April 28, 2021 Opinion, the Court concluded that he was nevertheless still bound by this waiver of the statute of limitations period as to any charges related to this action that were not time-barred at the time the plea agreement was signed.

In so ruling, the Court followed the three-step analysis that the Third Circuit has set forth in determining whether to apply other types of waivers in plea agreements, such as appellate waivers, that is: (1) whether the allegedly waived issue falls within the scope of the waiver;  (2)

whether the defendant knowingly and voluntarily agreed to the waiver; and (3) whether enforcing the waiver would result in a miscarriage of justice. <u>United States v. Castro</u>, 704 F.3d 125, 135 (3d Cir. 2013). Now, Defendant has requested that the Court reconsider the second step of this analysis and claims that the Court improperly concluded that Defendant entered into the waiver voluntarily.

In support of his claim that he did not enter in the waiver voluntarily, Defendant alleges that he was coerced by his prior counsel to plead guilty. However, while Defendant claims that his overall decision to sign the plea agreement and plead guilty was coerced by his prior counsel, he has never asserted (not even in his <u>pro se</u> papers) that he was specifically coerced to enter into the waiver of the statute of limitations. In fact, when Defendant first filed his <u>pro se</u> motion to withdraw his guilty plea in August of 2018, his main concern was that the Presentence Report ("PSR") referenced his alleged sexual assault of Victim 1, despite the fact that he had not pled guilty to the charge of sexual assault. In particular, Defendant claimed that he was told that the alleged sexual assault would not be mentioned in any form, and thus that because it was later mentioned in the PSR, his guilty plea was coerced based on this purported lie by his counsel. <u>See</u> Def's <u>Pro Se</u> Br. to Withdraw Guilty Plea [ECF 81]:

> Prior to signing the [plea] agreement[,] Mr. Pedicini unequivocally assured me that there would be absolutely no mention of any sort of an alleged Sexual assault anywhere. . . . Yet, . . . the pre-sentence report makes numerous references to the sexual allegation and added a 6 level enhancement as if it were a fact. These references are a breach of contract! . . . I refused all the other pleas because I am innocent regarding the alleged kidnapping and sexual assault. I was coaxed and coerced into pleading guilty.

Even if Figueroa was in fact improperly informed that the alleged sexual assault would not be mentioned at all, even in the PSR, this again goes to whether the *overall* decision to plead guilty was coercive, not whether Defendant involuntarily entered in the waiver of the statute of limitations.

Then, while Defendant's counsel has asserted in his moving papers that Defendant was not specifically advised by his prior counsel, nor by this Court, as to the waiver of the statute of limitations included in the plea agreement, the Court need not consider this assertion to be dispositive. Although it is accurate that the Court did not specifically draw Defendant's attention to this waiver during the plea hearing, the Court did in fact ask Defendant whether he read the entire plea agreement, whether he understood what was contained within it, and whether he discussed it with his counsel, and Defendant, while under oath, answered in the affirmative to all of these questions. Transcript of 4/19/18 Plea Hearing at 9, United States v. Figueroa, (No. 14-cr-00672). Indeed, Defendant even stated that he had discussed the plea agreement with his counsel "in great detail." Transcript of 4/19/18 Plea Hearing at 9, United States v. Figueroa, (No. 14-cr-00672). Moreover, Defendant also confirmed that he was not threatened in any way to plead guilty, that his decision to plead guilty was his own free and voluntary decision, and that he had been satisfied with his counsel's representation of him overall. Transcript of 4/19/18 Plea Hearing at 10, 14, United States v. Figueroa, (No. 14-cr-00672). Defendant also stated that he went over the Application to Enter a Guilty Plea form "in great detail," that he read all the questions and answers on the form along with his counsel "one by one," and that all the answers on the form were truthful – and one such answer on the form stated "I hereby declare that I have not been forced, coerced or threatened in any manner by any person to plead guilty to these charges." Transcript of 4/19/18 Plea Hearing at 15, United States v. Figueroa, (No. 14-cr-00672); Luis Figueroa Application for Permission to Enter Plea of Guilty (April 18, 2018) [ECF 80], at 5. Finally, near the end of the plea hearing, when the Court asked Defendant whether there was anything going on during the hearing that he did not understand, he said no. Transcript of 4/19/18 Plea Hearing at 16, United States v. Figueroa, (No. 14-cr-00672). Based on all of these

responses by Defendant, the Court at the plea hearing explicitly concluded that Defendant had demonstrated that he fully understood the proceedings. Transcript of 4/19/18 Plea Hearing at 23, United States v. Figueroa, (No. 14-cr-00672).

As such, because Defendant has offered no support for his allegation that he was not informed by his prior counsel about the waiver in the plea agreement, and since Defendant has in no way alleged that he specifically agreed to the waiver itself involuntarily, and rather has only claimed that his decision to plead guilty in general was coerced, Defendant has not sufficiently demonstrated that his decision to waive the statute of limitations period was involuntary.

Moreover, policy concerns also militate against concluding that Defendant's assertion that he was coerced to plead guilty should allow him to evade the statute of limitations waiver in his plea agreement. If whenever a defendant claims that his decision to sign a plea agreement was coerced, the Court were then to allow the defendant to completely avoid his explicit waiver of the statute of limitations within his plea agreement, this would leave the Government with no recourse in instances like this one, where a defendant's decision to withdraw his guilty plea may create statute of limitations issues for the Government. If the Court were to accept Defendant's argument here, then a defendant would always be able to easily evade these types of waivers by later claiming that he was coerced by his attorney to sign the plea agreement. This is not a tolerable result, as it leaves the Government with no way to protect itself in this context. Therefore, both because Defendant has not sufficiently demonstrated that he entered into the waiver of the statute of limitations involuntarily, and because allowing Defendant to avoid the results of the waiver in this context would be intolerable, the Court again concludes that Defendant's decision to waive the statute of limitations was knowing and voluntary.

Then, as for Defendant's second argument, that the original charge for kidnapping was insufficient and that therefore it cannot be the case that the Court accepted a plea that lacks a proper factual basis, this argument also fails. Even assuming arguendo that the Court should not have accepted Defendant's plea of guilty because the kidnapping charge at the time was insufficient, this was not the case, as the guilty plea was never rejected by the Court. The Court did in fact accept Defendant's plea of guilty and it was only later withdrawn at Defendant's request – not the Court's. As such, even if Defendant's guilty plea lacked a factual basis, this should not affect the applicability of the waiver of the statute of limitations within the plea agreement that the Court accepted. Therefore, the Court's conclusion in its Dismissal Order that Counts Three through Six of the Superseding Indictment were not time-barred, as the limitations period had been waived, is upheld, and those counts will not be dismissed for that reason.

Next, Defendant also asserts that Count Three of the Superseding Indictment, for aggravated sexual abuse in violation of 18 U.S.C. § 2241(a) in the form of oral rape, must be dismissed because the Government cannot properly establish that the jurisdictional element of Section 2241 was met. Defendant also claims that, since Count Five, for use of a firearm during and in relation to a crime of violence, is predicated on the oral rape charge in Count Three, that therefore Count Five must be dismissed as well because its predicate does not meet the jurisdictional requirement.

Section 2241 does have a jurisdictional element, in that it provides that this statute only applies when the alleged aggravated sexual abuse occurred "in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency . . ." 18 U.S.C. § 2241(a). For the

first time in his reply brief to the Government's opposition to his omnibus pretrial motion, Defendant alleged that this jurisdictional requirement that the oral rape occurred on federal land cannot be established, as the Government submitted in its opposition brief to Defendant's omnibus pretrial motion: "*Heading east towards New Jersey,* Figueroa repeated his threat to kill his ex-girlfriend, then forced Victim 1 to perform oral sex on him." Govt.'s Opp'n Br. to Def.'s Omnibus Motion, at 4 (emphasis added).

In its Dismissal Order, the Court originally concluded that this argument was waived by Defendant because of his failure to raise it in his opening brief. In response, Defendant claimed that he was not aware of this jurisdictional issue until he received the Government's submission in opposition, as Defendant claims that no documents in discovery indicated that the alleged oral rape occurred on the way to New Jersey. In that respect, Defendant is indeed correct that he has not waived his opportunity to contest the jurisdictional support for Counts Three and Five, as he was not aware of the potential lack of jurisdiction until after he had already filed his moving papers for the omnibus pretrial motion. Nevertheless, while this issue is not waived, it is a factual issue that will be left for trial and need not be proven at this stage. This is because these counts are sufficient at this stage of the proceedings as long as the charges in the Superseding Indictment contain the elements of the offense listed within the statutory language of Section 2241 itself, as this will sufficiently apprise Defendant of what he is being charged with and will allow him to adequately prepare his defense. See United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007) (quoting United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989)) ("'[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.'"); see also Hamling v. United States, 418 U.S. 87, 117 (1974) (quoting

United States v. Carll, 105 U.S. 611, 612 (1882)) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'").

Here, Count Three directly pleads the jurisdictional element of Section 2241 and, even more so, lists the federal territory to which the count is referring. See Superseding Indictment, Counts Three ("[D]efendant Luis Figueroa . . . within the boundaries of the Kittatinny Point Visitor's Center, an area within the special territorial jurisdiction of the United States, did knowingly cause Victim 1 to engage in a sexual act . . . ."). These details in Count Three sufficiently plead jurisdiction in the Superseding Indictment and thus Count Three (as well as Count Five, which is predicated upon Count Three) will not be dismissed. Therefore, for the foregoing reasons, Defendant's motion for reconsideration is denied.

III.  **ORDER**

For the reasons discussed, **IT IS** on this 3rd day of June 2021, hereby

**ORDERED** that Defendant's motion for reconsideration of the April 28, 2021 Order denying his motion to dismiss the Superseding Indictment [ECF 199 and ECF 200] be and hereby is **DENIED**.

    /s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge
